UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL GORDON | CIVIL ACTION |
| VERSUS | NO. 21-2234 |
| DARRYL VANNOY | SECTION "M" (2) |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.[1] For the following reasons, I recommend that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

I.  **FACTUAL BACKGROUND**

Petitioner Daniel Gordon is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On June 10, 2010, Gordon was indicted by an Orleans Parish grand jury on two counts of aggravated rape and two counts of simple robbery.[3] The Louisiana Fourth Circuit Court of Appeal summarized the facts established at trial as follows in relevant part:

> L.A., then fifty-five years old, testified that on the date she was assaulted, she was working as a banquet waitress at the Hilton Hotel. She got off of work before 1:00 p.m. and went home. She later sat outside in her neighborhood, but away from her residence, socializing with friends for approximately four hours.

---

[1] A district court may hold an evidentiary hearing only when the petitioner shows either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence (*id*. § 2254(e)(2)(A)(ii)) *and* the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. *Id*. § 2254(e)(2)(B).

[2] ECF No. 4, at 1.

[3] State Record (hereinafter "St. R.") Vol. 1 of 6, Indictment, 6/10/10; *id*., Grand Jury Return, 6/10/10.

> She drank four or five beers, starting before dark.  A male, who was a stranger to her but knew one of her male friends, was present.  L.A. testified that when she left to walk around the corner back to her residence, the same male came up behind her and asked for a cigarette, before wrapping a cord or rope around her neck.  They were on Louisiana Avenue, between Dryades and Baronne Streets.  He told her that she "better not holler."  He pulled her by the cord underneath a house and raped her.  He told her "If you scream, I'm going to kill you."  He then pulled the cord tight.  She said she acted like she was dead, just lying there, and he left.
>
> L.A. said that afterward, she went home to 3430 Baronne Street, put on some clothes, and telephoned the police from the corner of Louisiana and Baronne Streets.  The police took her to Charity Hospital where she was examined and DNA was taken.  L.A. identified a handwritten statement that she gave the police describing what happened.  She identified the defendant in the courtroom as the person who had raped her that night, admitting that he did not look the same fourteen years later, and saying at one point that "[h]e looks very familiar."  L.A. replied in the negative when asked on cross examination whether she had resisted her attacker.
>
> . . . .
>
> D.B. testified that, in 1997, she was forty-eight years old and resided at Second and Danneel Streets.  She was raped on Mother's Day night in 1997.  She had gone to a bar at the corner of Second and Danneel Streets, "Big Time Crypts." She said she left that bar and was walking to another corner bar when the defendant came up behind her, slammed her up against a truck, and began choking her such that she could hardly breathe.  He then threw her down to the ground, breaking her arm.  He dragged her across a lot and raped her.  She knew the defendant because his mother-in-law used to have a bar at Second and Danneel Streets that she frequented.  She identified the defendant in court as her attacker.  During the course of the rape, he took five dollars from her.  The victim was taken to the hospital where a cast was placed on her arm and a DNA sample and/or PAP smear was taken.  The victim admitted to having one prior felony conviction for possession of cocaine for which she had been given probation.[4]

Gordon was tried before a jury on January 5 through 7, 2011.[5]  The jury found Gordon guilty on both counts of aggravated rape and one count of simple robbery, and returned a not guilty verdict on the other count of simple robbery.[6]  The state trial court denied Gordon's motion for

---

[4] *State v. Gordon*, 146 So. 3d 758, 761-62 (La. App. 4th. Cir. 2014); St. R. Vol. 1 of 6, 4th Cir. Opinion, 2013-KA-0495, at 2-3, 7/16/14.

[5] St. R. Vol. 1 of 9, Trial Mins., 1/5/11; *id.*, Trial Mins., 1/6/11; *id.*, Trial Mins., 1/7/11; St. R. Vol. 3 of 6, at 153-94, Trial Tr., 1/5/11; *id.*, at 195-388, Trial Tr., 1/6/11; St. R. Vol. 4 of 6, at 440-593, Trial Tr., 1/6/11; *id.*, at 594-689, Trial Tr., 1/7/11.

[6] St. R. Vol. 1 of 6, Trial Mins., 1/7/11; St. R. Vol. 4 of 6, at 684-86, Trial Tr., 1/7/11.

new trial on February 11, 2011.[7]  On April 1, 2011, the court sentenced Gordon to life in prison for the aggravated rape of L.A. and to seven years in prison for simple robbery, with each sentence to be served concurrently and without benefit of parole, probation, or suspension of sentence.[8] That same day, the court adjudicated Gordon as a second felony offender based on the State's multiple offender bill.[9]  The court resentenced him as a second felony offender to 14 years in prison for simple robbery and added to the life sentence an order of chemical castration pursuant to LA. STAT. ANN. § 14:43.6(B) for the remainder of his life.[10]

On January 30, 2013, the state trial court granted Gordon's post-conviction application seeking an out of time appeal.[11]  On direct appeal to the Louisiana Fourth Circuit, Gordon's appointed counsel asserted two errors: (1) the state trial court erred when it denied the motion for new trial; and (2) the evidence was insufficient to support the convictions.[12]

On July 16, 2014, the Louisiana Fourth Circuit affirmed Gordon's sentence for aggravated rape of L.A. and the three convictions finding no merit in the claims asserted.[13]  However, in its errors patent review, the court found three sentencing errors.  First, the court found that, contrary to the sentencing minutes, the transcript reflected that the trial court failed to sentence Gordon on the second count of aggravated rape (rape of D.B.) for which he also was convicted.[14]  Second, the court found that the trial court erroneously ordered that the second offender sentence for simple

---

[7] St. R. Vol. 1 of 6, Min. Entry, 2/11/11; St. R. Vol. 2 of 6, at 3-8, Hrg. Tr., 2/11/11.
[8] St. R. Vol. 1 of 6, Sentencing Mins., 4/1/11.
[9] *Id*., Multiple Bill (undated).
[10] *Id*., Multiple Bill Hrg. Mins., 4/1/11; St. R. Vol. 4 of 6, at 690-703, Multiple Bill Hrg. Tr., 4/1/11.
[11] St. R. Vol. 1 of 6, Trial Court Judgment, 1/30/13; *id*., Application for Post-Conviction Relief, 1/22/13 (dated 1/16/13).
[12] St. R. Vol. 4 of 6, at 420-35, 425, Appeal Brief, 2013-KA-0495, 8/12/13.
[13] *Gordon*, 146 So. 3d at 771, 777; St. R. Vol. 1 of 6, 4th Cir. Opinion, 2013-KA-0495, at 28, 32, 7/16/14.
[14] *Gordon*, 146 So. 3d at 766; St. R. Vol. 1 of 6, 4th Cir. Opinion, 2013-KA-0495, at 12-13, 7/16/14.

burglary be served without benefit of parole.[15] Third, the court found that the trial court erroneously imposed chemical castration retroactively to crimes committed before the law was passed in violation of ex post facto prohibitions.[16] To remedy the errors, the court amended the second offender sentence for simple robbery to remove the parole restriction, deleted the order for chemical castration, and remanded the matter for sentencing for the aggravated rape of D.B.

On September 11, 2024, the state trial court sentenced Gordon to serve life in prison for the aggravated rape of D.B. to be served concurrently with the other sentences.[17] In the meantime, on August 12, 2014, Gordon sought review of the Louisiana Fourth Circuit's rulings in a writ application to the Louisiana Supreme Court.[18] The Louisiana Supreme Court denied the writ application without stated reasons on June 19, 2015.[19] Gordon did not file an application for writ of certiorari with the United States Supreme Court within 90 days, and thus, his convictions and sentences became final on September 17, 2015.[20]

Almost nine months later, on June 16, 2016, Gordon submitted an application for post-conviction relief and request for documents to the state trial court urging the following claims:

> (1)   the conviction was obtained through prosecutorial misconduct when the prosecutor told the prospective jurors during voir dire that Gordon would not give a statement to police and failed to cooperate with the investigation,

---

[15] *Gordon*, 146 So. 3d at 766-67; St. R. Vol. 1 of 6, 4th Cir. Opinion, 2013-KA-0495, at 12-13, 7/16/14.

[16] *Gordon*, 146 So. 3d at 769; St. R. Vol. 1 of 6, 4th Cir. Opinion, 2013-KA-0495, at 13-17, 7/16/14.

[17] St. R. Vol. 1 of 6, Sentencing Minutes, 9/11/14.

[18] St. R. Vol. 6 of 6, La. Sup. Ct. Writ Application, 14-KO-1748, 8/18/14 (dated 8/12/14). The State also sought review in the Louisiana Supreme Court of the reversal of the chemical castration order, which was denied. *State v. Gordon*, 169 So. 3d 352 (La. 6/19/15); St. R. Vol. 6 of 6, La. Sup. Ct. Order, 2014-K-1717, 6/19/15; *id.*, La. Sup. Ct. Writ Application, 14-K-1717, 8/12/14.

[19] *State v. Gordon*, 171 So. 3d 958 (La. 6/19/15); St. R. Vol. 6 of 6, La. Sup. Ct. Order, 2014-KO-1748, 6/19/15.

[20] *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); Sup. Ct. R. 13(1); *see*, *Jiminez v. Quarterman*, 555 U.S. 113, 121 (2009) (when a state court grants a defendant an out-of-time appeal during state collateral review, the conviction judgment is not final for purposes of federal habeas review until the out-of-time appeal is resolved); *see also*, *Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (the AEDPA limitations period "did not begin until both his conviction and sentence became final by the conclusion of direct review or the expiration of the time for seeking such review.").

|     | stated in opening argument that Gordon would not testify because he was guilty and suppressed or withheld an exculpatory police report; and |
| --- | --- |
| (2) | he was denied effective assistance of counsel when counsel failed to object to the prosecutor's statements during voir dire and opening argument, failed to object to hearsay testimony, and failed to investigate and discover an exculpatory police report.[21] |

On July 15, 2016, the state trial court denied relief finding the claims unsupported by the record or any evidence and likely "fabricate[d]" in an effort to "begin a fishing expedition."[22] The Louisiana Fourth Circuit denied Gordon's related writ application on September 8, 2016, finding no error in the trial court's ruling.[23]

On April 19 2018, the Louisiana Supreme Court granted in part Gordon's writ application finding that he was entitled to free copies of the transcripts from voir dire and the State's opening statements to substantiate his allegations of prosecutorial misconduct and ineffective assistance of counsel.[24] The court also ordered the district attorney and the state trial court to provide Gordon with cost estimates of reproducing other public records he requested. The court instructed that Gordon should be given "a reasonable opportunity to supplement his post-conviction claims with supporting documentation obtained as a result of this order."[25] However, the court denied the writ application "[i]n all other respects."[26]

On May 30, 2018, a law clerk for the Orleans Criminal District Judge mailed to Gordon copies of the voir dire and opening statements.[27] On October 25, 2018, the Orleans Parish District

---

[21] St. R. Vol. 1 of 6, Application for Post-Conviction Relief, 7/14/16 (dated 6/16/16); *see*, *id*., Min. Entry, 7/14/16.
[22] *Id*., Trial Court Judgment, 7/15/16.
[23] St. R. Vol. 5 of 6, 4th Cir. Order, 2016-K-0852, 9/8/16; *id*., 4th Cir. Writ Application, 2016-K-0852, dated 8/10/16.
[24] *State ex rel. Gordon v. State*, 318 So. 3d 672 (La. 1/12/18); St. R. Vol. 6 of 6, La. Sup. Ct. Order, 2016-KH-1899, 1/12/18; *id*., La. Sup. Ct. Writ Application, 16-KH-1899, 10/20/16 (dated 10/5/16).
[25] *State ex rel. Gordon*, 318 So. 3d 673; St. R. Vol. 6 of 6, La. Sup. Ct. Order, 2016-KH-1899, at 2, 1/12/18.
[26] *Id*.
[27] St. R. Vol. 1 of 6, Docket Entry, 5/30/18; *id*., Letter to Gordon, 5/30/18.

5

Attorney's Office sent Gordon a letter outlining the estimated costs of the other documents he requested.[28] Gordon did not file a supplemental pleading.

More than two and one-half years later, on May 10, 2021, Gordon submitted to the state trial court a third application for post-conviction relief asserting two new claims:

(1) he was denied his constitutional right to appellate review and his constitutional right to trial transcripts; and
(2) he received ineffective assistance when his counsel advised him not to accept the State's plea offer based on erroneous legal advice that the State could not prove the old rapes because of unreliable DNA testing.[29]

Following an order from the Louisiana Fourth Circuit compelling a ruling, the state trial court denied Gordon's application on June 28, 2021 for seeking untimely post-conviction relief under La. Code Crim. P. art. 930.8(A).[30] The Louisiana Fourth Circuit denied Gordon's writ application finding no error in the trial court's application of Art. 930.8.[31] The Louisiana Supreme Court denied Gordon's related writ application without stated reasons on November 10, 2021.[32]

### III. FEDERAL HABEAS PETITION

On December 14, 2021, after correction of certain deficiencies, the clerk of court filed Gordon's petition for federal habeas corpus relief which asserts the following claims:

(1) he was denied his constitutional right to appellate review and his constitutional right to trial transcripts; and

---

[28] St. R. Vol. 6 of 6, Notice of Compliance, 16-KH-1899, 10/25/18.

[29] St. R. Vol. 5 of 6, Application for Post-Conviction Relief, 5/18/21 (dated 510/21); St. R. Vol. 1 of 6, Docket Entry, 5/18/21.

[30] St. R. Vol. 5 of 6, Trial Court Judgment, 6/28/21; *see id.*, 4th Cir. Order, 2021-K-0376, 6/25/21; *id.*, 4th Cir. Mandamus Application, 2021-K-0376, 6/17/21 (dated 6/15/21).

[31] *Id.*, 4th Cir. Order, 2021-K-0437, 7/26/21; *id.*, 4th Cir. Writ Application, 2021-K-0437, 7/21/21 (dated 7/21/21).

[32] *State v. Gordon*, 326 So. 3d 1245 (La. 11/10/21); St. R. Vol. 6 of 6, La. Sup. Ct. Order, 2021-KH-01252, 11/10/21; La. Sup. Ct. Writ Application, 21-KH-1252, 8/18/21 (dated 8/5/21).

6

    (2)      he received ineffective assistance when his counsel advised him not to accept the State's plea offer based on erroneous legal advice that the State could not prove the old rapes because of unreliable DNA testing.[33]

On July 11, 2022, the State filed a response in opposition to Gordon's petition asserting that the petition was not timely filed.[34] Alternatively, the State argues that Gordon did not exhaust state court review of his claims, and the claims are in procedural default, not cognizable on federal habeas review, and otherwise meritless.[35] Gordon did not file a reply to the State's opposition.

## IV.    <u>LAW AND ANALYSIS</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996,[36] and applies to habeas petitions filed after that date.[37] For purposes of applying the AEDPA, Gordon's federal petition is deemed filed on December 6, 2021.[38]

### A.    <u>Preliminary Considerations</u>

The two threshold questions in habeas review under the amended statute are (1) whether the petition is timely and (2) whether petitioner's claims were adjudicated on the merits in state court. In other words, has the petitioner exhausted state court remedies and is the petitioner in

---

[33] ECF No. 4, at 3.
[34] ECF No. 19, at 9-19.
[35] *Id*. at 20-22; *id*. at 23-26; *id*. at 26-30.
[36] The AEDPA was signed into law on that date and did not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 (5th Cir. 1992).
[37] *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).
[38] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (mailbox rule applies to determine if AEDPA applies even if filing fee is paid later); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The prison legal department's official stamp indicates that the original petition and memorandum were received from Gordon for mailing to a court on December 6, 2021. ECF No. 1, at 5 (original deficient complaint); ECF No. 4, at 5.

"procedural default" on a claim.[39]  As indicated above, the State asserts the defenses of failure to exhaust and procedural default.  The State also asserts that Gordon's federal habeas petition was not timely filed under the AEDPA.  For the reasons that follow, the State's limitations defense is supported by the record and provides grounds for dismissal of Gordon's petition.

### B.  AEDPA Statute of Limitations

The AEDPA created in 28 U.S.C. § 2244(d)(1) a one-year statute of limitations for the filing of a federal habeas petition.  Under § 2254(d)(1)(A), the statute of limitations requires that a petition must ordinarily be filed within one year of the date the conviction became final.[40]  The statute also provides three other triggering events that do not apply here.[41]  For purposes of § 2244(d)(1)(B), Gordon does not assert that he was subject to an unconstitutional state action that impeded him from filing his federal petition in a timely manner.  None of Gordon's claims is based on a constitutional right that has been newly recognized by the Supreme Court and made retroactive to cases on collateral review to involve for purposes of § 2244(d)(1)(C).  Also, none of Gordon's claims raises a constitutional issue that is based on a new "factual predicate," as required by § 2244(d)(1)(D).

---

[39] *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).
[40] 28 U.S.C. § 2244(d)(1)(A); *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001).
[41] 28 U.S.C. § 2244(d) provides as follows:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Thus, pursuant to § 2244(d)(1)(A), the court must consider whether Gordon filed his federal petition within one year of the finality of his conviction. Gordon's conviction was final on September 17, 2015, when the time for filing for a writ of certiorari in the United States Supreme Court expired 90 days after the Louisiana Supreme Court denied his post-appeal writ application on June 19, 2015, and no further direct appellate review was available.[42] Applying § 2244 literally, Gordon had until Monday, September 19, 2016,[43] to file his federal habeas corpus petition. Gordon did not file his federal habeas corpus petition within this one-year period.[44] Accordingly, his petition must be dismissed as untimely, unless the one-year statute of limitations was interrupted or otherwise tolled under one of the following two ways recognized in the applicable law.

### 1. Statutory Tolling

The AEDPA provides for suspension of its one-year limitations period: "The time during which a *properly filed application for State post-conviction or other collateral review* with respect

---

[42] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("a conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

[43] The period ended on Saturday, September 17, 2016, which caused the final day to fall on the next business day, Monday, September 19, 2016. *See* LA. CODE CRIM. PROC. art. 13 ("The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday"); FED. R. CIV. P. 6(a)(1)(C) (". . . if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[44] In response to severe flooding in Louisiana in August of 2016, Louisiana Governor John Bel Edwards issued Executive Order Nos. JBE 2016-53, JBE 2016-57, and JBE 2016-66, which suspended state prescriptive and peremptive deadlines from August 12, 2016, through August 19, September 9, or September 30, 2016, respectively. In 2017, the Louisiana legislature enacted LA. STAT. ANN. § 9:5827, which provided that all prescriptive and peremptive periods were suspended or extended from August 12, 2016 through September 30, 2016. To the extent these state executive orders and statute applied to extend Gordon's one year federal filing deadline, which ended Monday, September 19, 2016, the additional days he would have gained would have been grossly insufficient to render this federal application timely. In addition, as will be discussed later in this report, by the time these state law mandates issued, Gordon had already filed his second state court application for post-conviction relief which interrupted the one-year federal filing period on its own accord.

...

to the pertinent judgment or claim is pending *shall not be counted* toward any period of limitation under this subsection."[45] The Supreme Court has described this provision as a tolling statute.[46]

By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings.[47] Rather, as the United States Fifth Circuit and other federal courts have held, because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.[48]

For a post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing.[49] The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed *pro se* by a prisoner.[50] I have applied that rule where necessary to petitioner's state court pleadings delineated in the procedural history.

---

[45] 28 U.S.C. § 2244(d)(2) (emphasis added).
[46] *Duncan*, 533 U.S. at 175-78.
[47] *Flanagan*, 154 F.3d at 199 n.1.
[48] *Id.*; *Brisbane v. Beshears*, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (unpub.); *Gray v. Waters*, 26 F. Supp. 2d 771, 771-72 (D. Md. 1998).
[49] *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); *Williams v. Cain*, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999)); *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000).
[50] *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"[51] The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition.[52] A "pertinent judgment or claim" requires that the state court filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims being raised in the federal habeas corpus petition.[53]

As calculated above, Gordon's conviction was final under federal law on September 17, 2015. The AEDPA limitations period began to run the next day, September 18, 2015, and continued for a total of 273 days, until it was interrupted on June 16, 2016, when Gordon filed his state court application for post-conviction relief. This left 92 days remaining in the one-year federal limitations period. The AEDPA filing period was tolled during the pendency of Gordon's properly filed state court post-conviction pleadings. Specifically, Gordon's state post-conviction application remained pending from its filing on June 16, 2016, through April 19, 2018, when the Louisiana Supreme Court denied the substantive portion of his related writ application while granting only his request for documents.

The AEDPA one-year limitations period began to run again on April 20, 2018, for 92 days through July 20, 2018, when it expired. On that day, July 20, 2018, Gordon had no properly filed state post-conviction or other collateral review pending in any court to further interrupt the running

---

[51] *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for § 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

[52] *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, No. 99-3364, 2001 WL 995164, at *5 (3d Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").

[53] *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

11

of the AEDPA one-year filing period. The AEDPA limitations period therefore expired on July 20, 2018.

The State questions the impact of the Louisiana Supreme Court's April 19, 2018, directive that Gordon be given "a reasonable opportunity to supplement his post-conviction claims . . ." while still denying the writ application other than the document request.[54] The State suggests that the undefined "reasonable opportunity" may have extended the pendency of Gordon's post-conviction application and/or could be liberally construed as effectively restarting the two-year Louisiana time period for filing for post-conviction relief under LA. CODE CRIM. P. art. 930.8(A).[55] The court need not address that issue, however, as Gordon's petition is untimely under any circumstance.

First, it is clear from the Louisiana Supreme Court's April 19, 2018, order, that the court denied the substantive portion of Gordon's writ application thereby concluding the pendency and review of his state post-conviction application and claims. Second, even if the State's liberal reading of the term "reasonable opportunity" somehow restarted the state post-conviction clock, it did not restart or otherwise suspend the federal limitations filing period. Statutory tolling is triggered only by "a properly filed application for State post-conviction or other collateral review."[56] Gordon had no pending state court application for post-conviction or other collateral review after the Louisiana Supreme Court's April 19, 2018, ruling.

Furthermore, Gordon waited more than three years after the Louisiana Supreme Court's April 19, 2018, ruling, and two and one-half years after receiving all of the information that court

---

[54] *State ex rel. Gordon*, 318 So. 3d 673; St. R. Vol. 6 of 6, La. Sup. Ct. Order, 2016-KH-1899, at 2, 1/12/18; ECF No. 19, ¶I, at 13.
[55] *Id*.
[56] 28 U.S.C. § 2244(d)(2).

ordered, to submit his third state court application to the state trial court on May 10, 2021. That application also did not supplement Gordon's prior claims. Instead, Gordon asserted two new claims. Thus, even if the State's suggestion that "a reasonable opportunity to supplement" means a new, full two-year period to file for state court review, Gordon missed that deadline too and any such extension would have no impact on the running of the federal statute of limitations.

Simply put, Gordon had no properly filed state court application for post-conviction or other collateral review pending in any state court after April 19, 2018. Even his third state court application filed May 10, 2021 was not "properly filed" for purposes of the AEDPA tolling provisions. Instead, the application was deemed not timely under Louisiana law. In fact, both the state trial court and the Louisiana Fourth Circuit expressly found that the application was not timely filed under LA. CODE CRIM. P. art. 930.8(A), and Gordon failed to meet an exception to that rule. The Louisiana Supreme Court tacitly adopted that reasoning in its unexplained denial of Gordon's subsequent writ application on November 10, 2021.[57] The conclusion that Gordon's petition was untimely under state law prevents any chance for federal statutory tolling because an untimely state application cannot be deemed "properly filed" for the purposes of § 2244(d)(2).[58] Rather, "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."[59] Gordon is not entitled to statutory tolling for the filing (after a three year hiatus) of his third state court post-conviction application or the related writ applications because none was properly filed, thus not pending.

---

[57] *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991) (when the last state court judgment does not indicate whether it is based on procedural default, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion).
[58] *Pace*, 544 U.S. at 413.
[59] *Id.* at 414 (quotation marks and brackets omitted).

Thus, in actuality, Gordon allowed three years and seven months to pass without interruption between the Louisiana Supreme Court's ruling on April 19, 2018, and December 6, 2021, when he filed his federal petition. This includes three years, one month, and 11 days after October 25, 2018, by which date Gordon received the information ordered by the Louisiana Supreme Court. This date is also well beyond the 92 days remaining on his one-year federal filing period left after he filed a state court post-conviction application on June 16, 2016, that led to the Louisiana Supreme Court's April 19, 2018 ruling. As calculated above, with no properly filed state court application for post-conviction review pending after the April 19, 2018, ruling, the 92 days ran on the AEDPA one-year filing period expired on July 20, 2018, which is long before he filed this federal action on December 6, 2021, under the applicable mailbox rule. As the federal filing was more than one year after the finality of his conviction on September 17, 2015, and well after the AEDPA filing period expired on July 20, 2018, Gordon's federal petition was *not* timely filed and must be dismissed with prejudice for that reason.

### 2. No Equitable Tolling Warranted

The United States Supreme Court has held that AEDPA's one-year statute of limitations period in § 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist that prevented timely filing.[60] Those who "sleep on their rights" are not entitled to equitable tolling.[61] Thus, equitable tolling is warranted only in situations during which a petitioner acted diligently, but otherwise was actively misled or prevented in some extraordinary way from asserting his rights.[62]

---

[60] *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998).
[61] *Fisher*, 174 F.3d at 715 (quoting *Covey v. Ark R. Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).
[62] *Pace*, 544 U.S. at 418-19; *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Gordon has asserted no reason that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in this case, and I can find none. The record does not establish any circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable tolling in this case.[63] Gordon, therefore, is not entitled to equitable tolling of the one-year AEDPA filing period.

Gordon also has asserted no other excuse to avoid the expiration of the AEDPA limitations period.[64] His federal petition, deemed filed December 6, 2021, was not timely filed and must be dismissed with prejudice for that reason.

---

[63] *See Holland v. Florida*, 560 U.S. 631, 651-54 (2010) (equitable tolling warranted when attorney was grossly negligent and failed to meet professional standards of care when he ignored client's requests to timely file a federal petition and failed for years to respond to client's letters or communicate with client); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling warranted for significant state-created delay when, for almost one year, state appeals court failed in its duty under Texas law to inform petitioner his state habeas petition was denied despite his persistent requests, and petitioner diligently pursued federal habeas relief); *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that timely motion to vacate was filed); *Coleman*, 184 F.3d at 402 ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (tolling *not* justified during petitioner's 17-days in psychiatric ward where he was confined, medicated, separated from his glasses and rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did *not* justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court thrice extended deadline to file habeas corpus petition beyond expiration of the AEDPA grace period).

[64] Gordon has not asserted his actual innocence or presented new, reliable evidence to meet the high burden set forth in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), to forgive or restart the AEDPA statute of limitations. He also has not sought relief from a state imposed procedural bar for this court to apply the holding in *Martinez v. Ryan*, 566 U.S. 1 (2012). *See Trevino v. Thaler*, 569 U.S. 413, 429 (2013) (a *procedural bar* imposed by *state courts* "'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'") (quoting *Martinez*, 566 U.S. at 13). The *Martinez* and *Trevino* decisions also do *not* address or excuse the untimely filing of a federal habeas petition. *See Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at *1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report and Recommendation). *Martinez* and *Trevino* are *not* new rules of constitutional law made retroactive on collateral review to start a new one-year statute of limitations period under the AEDPA. *See In re Paredes*, 587 F. App'x 805, 813 (5th Cir. Oct. 25, 2014) ("the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012). Thus, neither *Martinez* nor *Trevino* provide petitioner relief from his untimely federal filing.

**RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Gordon's habeas corpus petition under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[65]

New Orleans, Louisiana, this ___6th___ day of February, 2023.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[65] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).